UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61521-Civ-COOKE/TURNOFF

LARRY DELANEY

    Plaintiff
vs.

DAVID ROCKEFELLER, *et al.*

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CASE is before me upon a *sua sponte* review of the record. On July 11, 2011, Plaintiff filed a document that he has identified as a complaint against David Rockefeller, Jay Rockefeller, President Barack O'bama [sic], Buck Preece, the United States of America, Wells Fargo Bank, Chevron Oil, The UPS Store, Public Storage and Carsal Towing Company. For the reasons explained below, the "complaint" is dismissed pursuant to 28 U.S.C. § 1915.

**Discussion**

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). If a court determines that it lacks subject matter jurisdiction, that the complaint fails to state a cause of action or is a frivolous *in forma pauperis* proceeding, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Tallahassee Mem'l Reg'l*

*Med. Ctr. V. Bowen*, 815 F.2d 1435 (11th Cir. 1987); 28 U.S.C. § 1915. "For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). Frivolous claims also "include claims 'describing fantastic or delusional scenarios.'" *Bilal*, 251 F.3d at 1349 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

Plaintiff seeks 2.1 billion dollars in damages and "the seizure of persons for the Federal charges of High Treason and Racketeering" for alleged discrimination, conspiracy and retaliation in violation of his constitutional and civil rights. (*Compl.* 7, ECF No. 1). Specifically, Plaintiff asserts claims under 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Title VII of the Civil Rights Act of 1964. On its face, the complaint does not state a viable cause of action.

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Plaintiff has not alleged any action by Defendants that would interfere with any real property right. Plaintiff's § 1983 claim also fails to state a cause of action. To state a claim under § 1983, a plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "The traditional definition of acting under color of state law requires that the defendant … have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Belfast*, 611 F.3d 783, 808 (11th Cir. 2010) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted). Plaintiff alleges that he was denied access to the courts in violation of his Fourteenth Amendment due process rights, yet fails to allege facts to support his claims. Plaintiff figuratively alleges that he was "tied to the whipping

post by coded case law of the United States Supreme Court." Figurative allegations, however, are not sufficient to sustain an actionable § 1983 claim. (*Compl.* 3, ECF No. 1). Plaintiff's claim that inmates "at the Rynning Unit of the Arizona prison system" laced his coffee "with an excessive amount of Viagra" causing Plaintiff to suffer "painful erections lasting for hours" is also insufficient because Plaintiff fails to allege that the Viagra conspiracy was only possible because of Defendants' official authority. (*Id.* at 2).

A claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985 requires a plaintiff to allege that: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection, privileges or immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury either to his person or property, or was deprived of a right or privilege of a citizen of the United States. *Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997). Plaintiff makes only conclusory allegations that he "is currently being subjected to an ongoing conspiracy of discrimination against him due to his mother Erica Jung being a descendent of King Bismarck of Prussia." (*Compl.* 1, ECF No. 1). Yet and still, he does not assert any facts to support the alleged conspiracy. Plaintiff's Title VII claim is equally fantastic and delusional. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff may prove a claim of intentional discrimination through direct evidence, circumstantial evidence, or statistical proof." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008). Plaintiff fails to

offer even a scintilla of evidence of discrimination, let alone claim that he was Defendants' employee.

The complaint barely articulates an intelligible sentence and certainly fails to assert a colorable claim for relief.  The 12-page document is a rambling collection of quotes, references to historical landmarks, celebrities, movies, and obscure and apocalyptic bible references. Throughout the body of the complaint, Plaintiff has underlined selected words, in no discernable pattern, to reveal what he has identified to be a "coded message."  These "messages" are nothing more than a random collection of words arranged together in incoherent paragraphs.  For example:

> Justice <u>Kennedy</u>, Chief Justice <u>Scali</u>a and Judge Sandra <u>Day</u> O'Connor has the Petitioner tied to the whipping-post in the Supreme Court decision of  <u>Teague</u> v. <u>Lane</u>, 489 U.S. 288, which is a British Intelligence link to model Cheryl <u>Tieg</u>s, actress Cheryl <u>Ladd</u>, and the marriage between singer Cher and Greg Allman of the Allman Brothers Band, who sing "Whipping Post."
>
> Jack is the pot for three cherries showing, which ties into <u>John</u> Ritter and Don <u>Knotts</u> in the show "<u>Three's Company</u>," starring Suzanne <u>Somers</u> and Joyce <u>De</u>Witt, a link to O<u>pie</u> of Mayberry in the show "Andy Griffith," leading to the Knottsberry <u>Farm</u> in California.
>
> <u>Miranda Cosgrove</u> of "I.Carly" ties into the characters of <u>Romer Tree</u>ce and Adam <u>Coffin</u> in the novel "<u>The Deep</u>" by Peter <u>Bench</u>ley, as in the <u>Fruit of the Poisonous Tree</u> doctrine handed down by Justice <u>Pitney</u> for <u>Wood</u>row Wilson in <u>Silverthorne Lumber</u> v. U.S., 251 U.S. 385, leading to the song by the Pointer <u>Sisters</u> called "<u>Fire</u>," which mentions <u>Romeo & Juli</u>ette.
>
> Bring together everything underlined and the message from British Intelligence reads: "Kennedy is the Scales of Justice on Judgment Day.  League in the Book of Daniel is Sun Lane in San Jose that has the lad tied to the whipping-post.  Pope John Paul's knots are three's company for some of Delaney's cherry pie at the farm.  Miranda Warning will b in the grove of Rome's trees filled with coffins in the deep for the bench.  Fruit of the poisonous tree in the Garden of Eden will be the Pit in the Book of Psalms.  Wood will be the silver lumber for the fire by Rome's jewels of the Scarlet Woman in Revelations."

(*Compl.* 8, ECF No. 1).

Notwithstanding the pleading leniency afforded to *pro se* plaintiff's, it is not Court's responsibility to play the role of detective in an attempt to de-code hidden claims for relief. Plaintiff's claims are meritless, factually and legally frivolous, and are an unreasonable consumption of the Court's time and resources. Accordingly, Plaintiff's claims are dismissed.

### Conclusion

For the reasons explained in this Order, Plaintiff's complaint (ECF No. 1) is **DISMISSED** *without prejudice*. Plaintiff's application to proceed *in forma pauperis* (ECF No. 3), is **GRANTED**; however, service *shall not issue*. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 27th day of July 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*

Larry Delaney
300 E. Oakland Park Blvd. # 171
Fort Lauderdale, FL 33334